# Exhibit A

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Earth Shah (303232)<br>16521 Redwood Drive<br>Cerritos, CA 90703<br>TELEPHONE NO.: 562 659 4526  FAX NO.:<br>ATTORNEY FOR (Name): Plaintiff Grant Armstrong | **ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of Orange<br>07/24/2019 at 06:57:06 PM<br>Clerk of the Superior Court<br>By Robert Renison, Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Orange
STREET ADDRESS: 700 Civic Center Drive
MAILING ADDRESS:
CITY AND ZIP CODE: Santa Ana, 92701
BRANCH NAME: Centeral Justice Center

CASE NAME:

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER |
|---|---|---|
| [✓] Unlimited  [ ] Limited<br>(Amount  (Amount<br>demanded  demanded is<br>exceeds $25,000) $25,000 or less) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | 30-2019-01085551-CU-WT-CJC<br>JUDGE: Judge Richard Lee<br>DEPT. |

Items 1-6 below must be completed (see instructions on page 2).

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [✓] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400-3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition (not specified above) (43)

2. This case [ ] is [✓] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a.[✓] monetary  b.[ ] nonmonetary; declaratory or injunctive relief  c.[✓] punitive
4. Number of causes of action (specify): (7); Wrongful Termination; IIED; Negligent Supervision; Unfair Business...
5. This case [ ] is [✓] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: 7/23/2019

Earth Shah
(TYPE OR PRINT NAME)  ▶ (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400-3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

Exhibit A
Page 7

**ELECTRONICALLY FILED**
Superior Court of California,
County of Orange
**07/24/2019** at 06:57:06 PM
Clerk of the Superior Court
By Robert Renison, Deputy Clerk

Earth Shah (State Bar # 303232)
16521 Redwood Drive
Cerritos, CA 90703
(562) 659-4526
earth@shahattorneygroup.com

Attorneys for: Plaintiff, Grant Armstrong

# SUPERIOR COURT FOR THE STATE OF CALIFORNIA

## COUNTY OF ORANGE- CENTRAL JUSTICE CENTER

### [UNLIMITED CIVL CASE]

| | |
|---|---|
| GRANT ARMSTRONG, AN INDIVIDUAL<br><br>Plaintiffs,<br><br>vs.<br><br>AT&T SERVICES, INC.; AND DOES 1 TO 25;<br><br>Defendants. | CASE NO: 30-2019-01085551-CU-WT-CJC<br><br>Judge Richard Lee<br><br>**COMPLAINT FOR:**<br><br>1. **WRONGFUL TERMINATION- FEHA**<br>2. **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**<br>3. **BREACH OF CONTRACT: IMPLIED-IN-FACT PROMISE NOT TO DISCHARGE WITHOUT GOOD CAUSE**<br>4. **NON-PAYMENT OF WAGES**<br>5. **BRECH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING**<br>6. **UNFAIR BUSINESS PRACTICES**<br>7. **NEGLIGENT TRAINING AND SUPERVISION** |

- 1 -

**COME NOW,** Plaintiff Grant Armstrong ("Armstrong" or "Plaintiff") and allege as follows:

## GENERAL ALLEGATIONS AND JURISDICTION

1. Plaintiff was employed by Defendant AT&T Services, Inc. ("AT&T" or "Defendant") and/or its subsidiaries for nearly 27 years, from on or about 1990 to 2017.
2. Plaintiff performed various role throughout his long career with the Defendant, including as Environmental Site Manager, Engineering Manager, Service Technician, and Plant Technician.
3. Among Plaintiff's duties included:
    (a) Making sure Defendant was in environmental compliance in his geographic area.
    (b) Travelling in Defendant's other facilities to review site permits.
    (c) Training field personnel on environmental compliances and practices.
    (d) Performing reviews and audits of field facilities.
    (e) Being the primary site contact for government agency inspections.
    (f) Being responsible for maintaining "Green Compliances" for over 60 of Defendant's sites.
4. Plaintiff is also a certified contractor, performing various construction related projects on his off-duty time.
5. Defendant was at all times aware of Plaintiff's qualifications regarding contractor.
6. In fact, certain employees of Defendant requested that Plaintiff complete some contracting job at their residence in his off-duty time.
7. On or around August 2017, Defendant informed Plaintiff that Defendant had hired a private investigator and as a result of that investigation, Plaintiff was being terminated. Defendant never provided any report of the investigation to Plaintiff.

- 2 -

8. On or around August 2017, Plaintiff's supervisor wrongfully accused him of performing work during his "company time"- a blatantly false accusation.
9. Under such false pretext, Plaintiff's over 27 years of service came to an abrupt end in the form a termination from employment.
10. Adding further insult to injury, Plaintiff was not adequately compensated or paid all the monies owed and due as a result of his employment.
11. Jurisdiction of this Court is proper as Defendant does business in this County and Plaintiff resides here.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

12. Plaintiff has exhausted his administrative remedies by filing charges of discrimination with appropriate administrative agencies. Plaintiff received a right to sue letter from DFEH on July 28, 2018.

## FIRST CAUSE OF ACTION
### (Wrongful Termination- FEHA)

13. Plaintiff realleges and incorporate herein by reference paragraphs 1 through 12, inclusive of this Complaint with the same force and effect as though set forth in full.
14. As alleged herein, AT&T treated Armstrong differently, disparately, and discriminatorily in the compensation, conditions, and terms of employment. Such treatment was motivated by Mr. Armstrong's age of over 40 years.
15. On or about August 31, 2017, AT&T wrongfully terminated Mr. Armstrong from his employment, the age being the motivating factor. Mr. Armstrong's further complaint regarding unfair treatment and retaliation for such complaint were further motivating factor the wrongful termination.
16. Mr. Armstrong's protected classification were a "motivating reason" for AT&T's illegal and unlawful conduct of taking adverse employment decision, even though other reasons may have also contributed to AT&T's decision.

- 3 -

17. AT&T's actions have caused and continue to cause Mr. Armstrong significant loss of reputation, attorneys' fees, professional injuries, humiliation, embarrassment, and other damages to be proven at trial.

## SECOND CAUSE OF ACTION
### (Intentional Infliction of Emotional Distress)

18. Plaintiff realleges and incorporate herein by reference paragraphs 1 through 17, inclusive of this Complaint with the same force and effect as though set forth in full.

19. AT&T's conduct of discrimination and retaliation is extreme and outrageous and should not be tolerated in a civilized society.

20. AT&T's conduct was intentional and caused Mr. Armstrong to suffer severe emotional distress.

21. AT&T's acts were intentional, outrageous, despicable, oppressive, fraudulent, and done with ill will and intent to injure Mr. Armstrong. It further caused Mr. Armstrong mental anguish, anxiety, and distress. AT&T's acts were done in conscious disregard of the risk of severe emotional harm to Mr. Armstrong and were a substantial factor in causing harm, damage, and injuries, and were committed with the intent to injure, constituting oppression, fraud, and malice under California Civil Code §3294, entitling Mr. Armstrong punitive damages.

## THIRD CAUSE OF ACTION
### (Breach of Contract: Implied-In-Fact Promise Not to Discharge Without Good Cause)

22. Plaintiff realleges and incorporate herein by reference paragraphs 1 through 21, inclusive of this Complaint with the same force and effect as though set forth in full.

23. Mr. Armstrong and AT&T were subject to an employment contract, written and oral (implied in fact).

24. AT&T implied in fact, by words and conduct, to discharge Mr. Armstrong only for good cause.

25. Mr. Armstrong substantially performed his various job duties without any disciplinary actions for over 27 years. He was terminated abruptly without a good cause.

26. AT&T's conducts and words created implied promises, which lead Mr. Armstrong to reasonably conclude from AT&T's words or conduct that he would be discharged only for a good cause. Among the factors that led Mr. Armstrong to that conclusion are:
    (a) AT&T would let Mr. Armstrong continue his employment so long as he carried out his duties in a proper and competent manner;
    (b) AT&T's personnel policies, procedures, and practices;
    (c) Mr. Armstrong's long record of continued employment with AT&T;
    (d) No reprimand by AT&T;
    (e) Awareness and encouragement by other manager and supervisors of Mr. Armstrong's construction business on the side; and
    (f) Not terminating other employees who were similarly situated as Mr. Armstrong in terms of their off-duty activities.

27. This implied contract was evidenced by various written documents, commendations, oral representations to Mr. Armstrong by AT&T, its agents, employees, supervisors, and managers.

28. As independent consideration, in addition to performing his regular duties as an employee of AT&T, Mr. Armstrong refrained from seeking any other employment and from time to time refrained from pursuing other career opportunities.

29. Mr. Armstrong duly performed all the conditions of the contract to be performed by him, except those he was prevented or excused from performing. He has at all times been ready, willing, and able to perform and has offered to perform all the conditions to be performed by him.

30. AT&T's actions have caused and continue to cause Mr. Armstrong significant loss of reputation, attorneys' fees, professional injuries, humiliation, embarrassment, and other damages to be proven at trial.

## FOURTH CAUSE OF ACTION
### (Nonpayment of Wages Labor Code §§ 201, 203)

31. Plaintiff realleges and incorporate herein by reference paragraphs 1 through 30 inclusive of this Complaint with the same force and effect as though set forth in full.
32. California Labor Code §§ 201 and 202 require AT&T to pay all compensation due and owing to Plaintiff upon termination of the employment.
33. California Labor Code § 203 provides that if an employer willfully fails to pay compensation promptly upon discharge or resignation, as required by §§ 201 and 202, then the employer is liable for penalties, amongst other liabilities, in the form of continued compensation up to thirty (30) work days.
34. AT&T willfully failed to pay Mr. Armstrong all the wages due to him at the time of his separation as required by California Labor Code §§ 201 and 202.
35. California Labor Code § 203 provides that an employee's wages not paid upon termination shall continue as a penalty until paid or for a period of up to thirty (30) days from the time they were due.
36. AT&T's failure to pay all wages owed was willful and intentional and Mr. Armstrong is thus entitled to penalties under Labor Code § 203.
37. Pursuant to California Labor Code § 203, Mr. Armstrong is entitled to thirty (30) days worth of wages as a penalty, plus attorneys' fees, and any other damages according to proof.

### FIFTH CAUSE OF ACTION
### (Breach of Covenant of Good Faith and Fair Dealing)

38. Plaintiff realleges and incorporate herein by reference paragraphs 1 through 37, inclusive of this Complaint with the same force and effect as though set forth in full.
39. Mr. Armstrong and AT&T were subject to an employment contract, written and oral (implied in fact).
40. AT&T promised, by words and conduct, to discharge Mr. Armstrong only for a good cause.
41. Mr. Armstrong substantially performed his various job duties without any disciplinary actions for over 27 years. AT&T's conducts and words created implied promises, which

- 6 -

lead Mr. Armstrong to reasonably conclude from AT&T's words or conduct that he would be discharged only for a good cause.

42. AT&T's actions and conduct violated public policy as codified in the labor code and public policy expressed in California Fair Employment and Housing Act.

43. AT&T's wrongful conduct in terminating Mr. Armstrong under false pretext and preventing him from receiving certain employment benefits was a failure to act fairly and in good faith.

## SIXTH CAUSE OF ACTION
### (Unfair Business Practices)

44. Plaintiff realleges and incorporate herein by reference paragraphs 1 through 43, inclusive of this Complaint with the same force and effect as though set forth in full.

45. Upon Information and belief, AT&T has engaged and continue to engage in unfair business practices in violation of the Business and Professions Code Section 17200 et seq. AT&T's behavior, as alleged herein, deprived Mr. Armstrong of his wages, and other employment related incentives. Through such actions, AT&T has engaged in unlawful, deceptive, and unfair business practices, as proscribed by California Business and Professions Code Section 17200 et seq.

## SEVENTH CAUSE OF ACTION
### (Negligent Training and Supervision)

46. Plaintiff realleges and incorporate herein by reference paragraphs 1 through 45, inclusive of this Complaint with the same force and effect as though set forth in full.

47. AT&T had a duty to train supervisors in how to protect employees' rights. AT&T's failure to adequately train its supervisors in protecting employees civil rights was a breach of their duty and the actual and legal cause of the injuries suffered by Mr. Armstrong, including her wrongful termination.

48. AT&T's actions have caused and continue to cause Mr. Armstrong substantial losses in earnings, significant loss of reputation and professional injury, loss of promotional opportunities and other employment benefits, lost wages, attorneys' fees, loss of future

- 7 -

earnings and benefits, cost of suit, humiliation, embarrassment and anguish, all damages to be proven at trial.

**WHEREFORE**, Plaintiff prays for judgment against Defendant as follows:

1. For general damages according to proof;
2. For special damages according to proof;
3. For expenses incurred according to proof;
4. For reasonable attorneys fees, pursuant to California Labor Code;
5. For exemplary or punitive damages;
6. For prejudgment interest according to proof;
7. For waiting time penalties according to California Labor Code;
8. For declaratory relief and judgment;
9. For such other and further relief as this Court deems just and proper.

RESPECTFULLY SUBMITTED

July 22, 2019

By: /s/Earth Shah

Earth Shah, Esq.
Attorneys for Plaintiff

- 8 -

## SUPERIOR COURT OF CALIFORNIA
## COUNTY OF ORANGE

## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE

**NOTICE TO PLAINTIFF(S) AND/OR CROSS-COMPLAINANT(S):**

**Rule 3.221(c) of the California Rules of Court requires you to serve a copy of the ADR Information Package along with the complaint and/or cross-complaint.**

California Rules of Court – Rule 3.221
Information about Alternative Dispute Resolution (ADR)

(a) Each court shall make available to the plaintiff, at the time of filing of the complaint, an ADR Information Package that includes, at a minimum, all of the following:

(1) General information about the potential advantages and disadvantages of ADR and descriptions of the principal ADR processes.

(2) Information about the ADR programs available in that court, including citations to any applicable local court rules and directions for contacting any court staff responsible for providing parties with assistance regarding ADR.

(3) Information about the availability of local dispute resolution programs funded under the Dispute Resolutions Program Act (DRPA), in counties that are participating in the DRPA. This information may take the form of a list of the applicable programs or directions for contacting the county's DRPA coordinator.

(4) An ADR stipulation form that parties may use to stipulate to the use of an ADR process.

(b) A court may make the ADR Information Package available on its website as long as paper copies are also made available in the clerk's office.

(c) The plaintiff must serve a copy of the ADR Information Package on each defendant along with the complaint. Cross-complainants must serve a copy of the ADR Information Package on any new parties to the action along with the cross-complaint.

## SUPERIOR COURT OF CALIFORNIA
## COUNTY OF ORANGE

### ADR Information

**Introduction.**

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts and others offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. ADR is usually less formal, less expensive, and less time-consuming than a trial. ADR can also give people more opportunity to determine when and how their dispute will be resolved.

**BENEFITS OF ADR.**

Using ADR may have a variety of benefits, depending on the type of ADR process used and the circumstances of the particular case. Some potential benefits of ADR are summarized below.

**Save Time.** A dispute often can be settled or decided much sooner with ADR; often in a matter of months, even weeks, while bringing a lawsuit to trial can take a year or more.

**Save Money.** When cases are resolved earlier through ADR, the parties may save some of the money they would have spent on attorney fees, court costs, experts' fees, and other litigation expenses.

**Increase Control Over the Process and the Outcome.** In ADR, parties typically play a greater role in shaping both the process and its outcome. In most ADR processes, parties have more opportunity to tell their side of the story than they do at trial. Some ADR processes, such as mediation, allow the parties to fashion creative resolutions that are not available in a trial. Other ADR processes, such as arbitration, allow the parties to choose an expert in a particular field to decide the dispute.

**Preserve Relationships.** ADR can be a less adversarial and hostile way to resolve a dispute. For example, an experienced mediator can help the parties effectively communicate their needs and point of view to the other side. This can be an important advantage where the parties have a relationship to preserve.

**Increase Satisfaction.** In a trial, there is typically a winner and a loser. The loser is not likely to be happy, and even the winner may not be completely satisfied with the outcome. ADR can help the parties find win-win solutions and achieve their real goals. This, along with all of ADR's other potential advantages, may increase the parties' overall satisfaction with both the dispute resolution process and the outcome.

**Improve Attorney-Client Relationships.** Attorneys may also benefit from ADR by being seen as problem-solvers rather than combatants. Quick, cost-effective, and satisfying resolutions are likely to produce happier clients and thus generate repeat business from clients and referrals of their friends and associates.

**DISADVANTAGES OF ADR.**

ADR may not be suitable for every dispute.

**Loss of protections.** If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure, and review for legal error by an appellate court.

**Less discovery.** There generally is less opportunity to find out about the other side's case with ADR than with litigation. ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute.

**Additional costs.** The neutral may charge a fee for his or her services. If a dispute is not resolved through ADR, the parties may have to put time and money into both ADR and a lawsuit.

**Effect of delays if the dispute is not resolved.** Lawsuits must be brought within specified periods of time, known as statues of limitation. Parties must be careful not to let a statute of limitations run out while a dispute is in an ADR process.

**TYPES OF ADR IN CIVIL CASES.**

The most commonly used ADR processes are arbitration, mediation, neutral evaluation and settlement conferences.

**Arbitration.** In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are often relaxed. Arbitration may be either "binding" or "nonbinding." *Binding arbitration* means that the parties waive their right to a trial and agree to accept the arbitrator's decision as final. Generally, there is no right to appeal an arbitrator's decision. *Nonbinding* arbitration means that the parties are free to request a trial if they do not accept the arbitrator's decision.

> **Cases for Which Arbitration May Be Appropriate.** Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.
>
> **Cases for Which Arbitration May Not Be Appropriate.** If parties want to retain control over how their dispute is resolved, arbitration, particularly binding arbitration, is not appropriate. In binding arbitration, the parties generally cannot appeal the arbitrator's award, even if it is not supported by the evidence or the law. Even in nonbinding arbitration, if a party requests a trial and does not receive a more favorable result at trial than in arbitration, there may be penalties.

**Mediation.** In mediation, an impartial person called a "mediator" helps the parties try to reach a mutually acceptable resolution of the dispute. The mediator does not decide the dispute but helps the parties communicate so they can try to settle the dispute themselves. Mediation leaves control of the outcome with the parties.

> **Cases for Which Mediation May Be Appropriate.** Mediation may be particularly useful when parties have a relationship they want to preserve. So when family members, neighbors, or business partners have a dispute, mediation may be the ADR process to use. Mediation is also effective when emotions are getting in the way of resolution. An effective mediator can hear the parties out and help them communicate with each other in an effective and nondestructive manner.
>
> **Cases for Which Mediation May Not Be Appropriate.** Mediation may not be effective if one of the parties is unwilling to cooperate or compromise. Mediation also may not be effective if one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

**Neutral Evaluation.** In neutral evaluation, each party gets a chance to present the case to a neutral person called an "evaluator." The evaluator then gives an opinion on the strengths and weaknesses of each party's evidence and arguments and about how the dispute could be resolved. The evaluator is

often an expert in the subject matter of the dispute. Although the evaluator's opinion is not binding, the parties typically use it as a basis for trying to negotiate a resolution of the dispute.

**Cases for Which Neutral Evaluation May Be Appropriate.** Neutral evaluation may be most appropriate in cases in which there are technical issues that require special expertise to resolve or the only significant issue in the case is the amount of damages.

**Cases for Which Neutral Evaluation May Not Be Appropriate.** Neutral evaluation may not be appropriate when there are significant personal or emotional barriers to resolving the dispute.

**Settlement Conferences.** Settlement conferences may be either mandatory or voluntary. In both types of settlement conferences, the parties and their attorneys meet with a judge or a neutral person called a "settlement officer" to discuss possible settlement of their dispute. The judge or settlement officer does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Settlement conferences are appropriate in any case where settlement is an option. Mandatory settlement conferences are often held close to the date a case is set for trial.

### ADDITIONAL INFORMATION.

In addition to mediation, arbitration, neutral evaluation, and settlement conferences, there are other types of ADR, including conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR types. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute.

To locate a dispute resolution program or neutral in your community:
- Contact the California Department of Consumer Affairs, Consumer Information Center, toll free, at 1-800-852-5210
- Contact the Orange County Bar Association at (949) 440-6700
- Look in the telephone directories under "Arbitrators" or "Mediators"

Low cost mediation services are provided under the Orange County Dispute Resolution Program Act (DRPA). For information regarding DRPA, contact:
- Waymakers (949) 250-4058

For information on the Superior Court of California, County of Orange court ordered arbitration program, refer to Local Rule 360.

The Orange County Superior Court offers programs for Civil Mediation and Early Neutral Evaluation (ENE). For the Civil Mediation program, mediators on the Court's panel have agreed to accept a fee of $300 for up to the first two hours of a mediation session. For the ENE program, members of the Court's panel have agreed to accept a fee of $300 for up to three hours of an ENE session. Additional information on the Orange County Superior Court Civil Mediation and Early Neutral Evaluation (ENE) programs is available on the Court's website at www.occourts.org.

| ATTORNEY OR PARTY WITHOUT ATTORNEY: STATE BAR NO.:<br>NAME:<br>FIRM NAME:<br>STREET ADDRESS:<br>CITY: STATE: ZIP CODE:<br>TELEPHONE NO.: FAX NO.:<br>E-MAIL ADDRESS:<br>ATTORNEY FOR *(name)*: | FOR COURT USE ONLY<br><br>**For your protection and privacy, please press the Clear This Form button after you are done printing this form.** |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**<br>JUSTICE CENTER:<br>☐ Central - 700 Civic Center Dr. West, Santa Ana, CA 92701-4045<br>☐ Civil Complex Center - 751 W. Santa Ana Blvd., Santa Ana, CA 92701-4512<br>☐ Harbor – Newport Beach Facility – 4601 Jamboree Rd., Newport Beach, CA 92660-2595<br>☐ North – 1275 N. Berkeley Ave., P.O. Box 5000, Fullerton, CA 92838-0500<br>☐ West – 8141 13th Street, Westminster, CA 92683-4593 | |
| PLAINTIFF/PETITIONER:<br><br>DEFENDANT/RESPONDENT: | |
| **ALTERNATIVE DISPUTE RESOLUTION (ADR) STIPULATION** | CASE NUMBER: |

Plaintiff(s)/Petitioner(s), _____

_____

and defendant(s)/respondent(s), _____

_____

agree to the following dispute resolution process:

☐ Mediation

☐ Arbitration (must specify code)
        ☐ Under section 1141.11 of the Code of Civil Procedure
        ☐ Under section 1280 of the Code of Civil Procedure

☐ Neutral Case Evaluation

The ADR process must be completed no later than 90 days after the date of this Stipulation or the date the case was referred, whichever is sooner.

☐ I have an *Order on Court Fee Waiver* (FW-003) on file, and the selected ADR Neutral(s) are eligible to provide pro bono services.

☐ The ADR Neutral Selection and Party List is attached to this Stipulation.

We understand that there may be a charge for services provided by neutrals. We understand that participating in an ADR process does not extend the time periods specified in California Rules of Court, rule 3.720 et seq.

Date: _____  _____  _____
                                 (SIGNATURE OF PLAINTIFF OR ATTORNEY)    (SIGNATURE OF PLAINTIFF OR ATTORNEY)

Date: _____  _____  _____
                                 (SIGNATURE OF DEFENDANT OR ATTORNEY)    (SIGNATURE OF DEFENDANT OR ATTORNEY)

**ALTERNATIVE DISPUTE RESOLUTION (ADR) STIPULATION**

Approved for Optional Use                                                          California Rules of Court, rule 3.221
L1270 (Rev. March 2019)

| | POS-015 |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: Earth Shah (303232)<br>16521 Redwood Drive<br>Cerritos, CA 90703<br><br>TELEPHONE NO.: 562 659 4526  FAX NO. *(Optional)*:<br>E-MAIL ADDRESS *(Optional)*: earth@shahattorneygroup.com<br>ATTORNEY FOR *(Name)*: Grant Armstrong | FOR COURT USE ONLY |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF Orange<br>STREET ADDRESS: 700 Civic Center Drive<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: Santa Ana, CA 92701<br>BRANCH NAME: Central Justice Center | |
| PLAINTIFF/PETITIONER: Grant Armstrong<br>DEFENDANT/RESPONDENT: AT&T Services, Inc. | |
| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER:<br>30-2019-0108551-CU-WT-CJC |

TO *(insert name of party being served)*: AT&T Services, Inc.

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: 9/3/2019

Earth Shah
(TYPE OR PRINT NAME)            ▶ _____
                                  (SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of *(to be completed by sender before mailing)*:
1. [✓] A copy of the summons and of the complaint.
2. [✓] Other *(specify)*:
   ADR Package
   Civil Case Cover Sheet
   Notice of Acknowledgment and Receipt
   Returned Prepaid Envelope

*(To be completed by recipient)*:

Date this form is signed:

_____                        ▶ _____
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,   (SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ON WHOSE BEHALF THIS FORM IS SIGNED)                   ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

| | | Page 1 of 1 |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-015 [Rev. January 1, 2005] | NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL | Code of Civil Procedure,<br>§§ 415.30, 417.10<br>www.courtinfo.ca.gov |

Exhibit A
Page 21